UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRANSAMERICA PREMIER LIFE INSURANCE COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>VICKIE DARLENE ROLDAN, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C15-277 MJP<br><br>ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION FOR INTERPLEADER RELIEF |

THIS MATTER comes before the Court on Plaintiff-in-Interpleader Transamerica Premier Life Insurance Company's Motion for Interpleader Relief, Attorney's Fees, and Dismissal. (Dkt. No. 12.) Having considered the Parties' briefing and the related record, the Court GRANTS in part and DENIES in part the motion. Plaintiff's request for interpleader relief is GRANTED and Plaintiff is hereby DISMISSED from this action. Plaintiff's request for attorney's fees and costs is DENIED. Defendants-in-Interpleader Roldan, Turpin, and Chatelain are ORDERED to interplead their claims to the insurance proceeds at issue, as explained in more detail below. The Court issues a permanent injunction preventing Defendants from proceeding

with any claim against Transamerica or its predecessors or successors with respect to their entitlement to the insurance policy benefits at issue.

## Background

This action concerns a life insurance policy (Certificate Number 010XC98895) issued by Transamerica's predecessor to Darlene Brown, with a face value of $5,070.00. (Dkt. Nos. 1, 2.) Darlene Brown died on October 6, 2014, and Transamerica became obligated to pay the face value of the policy and a partial premium refund to the proper beneficiary. Transamerica received competing claims to the benefits of the policy from Defendants Chatelain and Roldan. Defendant Turpin did not submit a claim, though Transamerica suspects he may be entitled to do so. Transamerica then instituted this interpleader action seeking judicial resolution of the dispute as well as an injunction preventing Defendants from bringing separate suits against Transamerica.

Transamerica now moves the court for an order compelling Defendants to interplead their claims to the policy benefits, dismissing Transamerica from the case, and enjoining Defendants. (Dkt. No. 12.)

## Discussion

I.   Interpleader Relief

In an interpleader action, the "stakeholder" of a sum of money sues all those who might have claim to the money, deposits the money in the Court's registry, and lets the claimants litigate who is entitled to the money. <u>Cripps v. Life Ins. Co. of N. Am.</u>, 980 F.2d 1261, 1265 (9th Cir. 1992). 28 U.S.C. § 1335 provides for federal jurisdiction over interpleader actions in which any two claimants to the fund are of diverse citizenship and there is $500 or more at stake. Once the action has been initiated, the Court may dismiss the stakeholder from the case and

enjoin the claimants from separately suing the stakeholder over the same policy benefits. 28 U.S.C. § 2361.

The Court finds that Transamerica is entitled to interpleader relief. Here, the fund exceeds $500 and has been deposited in the Court's registry, and the three potential claimants are of diverse citizenship: Defendant Roldan is a citizen of Washington, Defendant Chatelain is a citizen of Colorado, and Defendant Turpin is a citizen of Kansas. Accordingly, Transamerica's Motion for Interpleader Relief is GRANTED and Transamerica is DISMISSED from the case.

Defendants Roldan, Chatelain, and Turpin are hereby ORDERED to interplead their claims to the insurance policy benefits. To do so, each Defendant should submit a brief of no more than **ten (10) pages** to the Court that sets forth why he or she is entitled to the money under the policy. The briefs should be submitted **no later than forty-five (45) days after the date of this order**. Failure to file a brief with the Court in response to this order may be considered by the Court as signifying that you do not claim the policy benefits. If Defendants require an extension of time to file their briefs, or would like to request other relief from the Court, Defendants should request an extension in writing by filing a motion with the Court. The Court directs Defendants to the Western District of Washington's Pro Se Guide for litigants who are proceeding without an attorney, available on the Court's website at http://www.wawd.uscourts.gov/pro-se, for instructions on how to file their briefs and other motions, and for other useful information.

Defendant Roldan has written to the Court regarding Transamerica's motion for interpleader relief. (Dkt. No. 15.) Defendant Roldan may choose to submit a second brief setting forth her entitlement to the policy benefits, according to the guidelines discussed above, if

she wishes. If Defendant Roldan chooses not to submit a second brief, her first letter will be considered by the Court when determining who is entitled to the policy benefits.

II. Attorney's Fees and Costs

After consideration of the type and amount of investigative and legal work performed by Transamerica, the small size of the fund at issue, and Defendant Roldan's opposition to a fee award, the Court finds that an award of attorney's fees and costs is neither warranted nor in the interest of justice in this case. Resolving disputed claims is "part of the ordinary course of business for an insurance company," and the Court will not transfer the ordinary costs of doing business to the claimants under a disputed policy simply because the insurer brought an interpleader action. Mutual of Omaha v. Dalby, 531 F.Supp. 511, 517 (E.D. Pa. 1982). Defendant's request for attorney's fees and costs is DENIED.

## Conclusion

The Court GRANTS in part and DENIES in part the motion. Plaintiff's request for interpleader relief is GRANTED and Plaintiff is hereby DISMISSED from this action. Plaintiff's request for attorney's fees and costs is DENIED. Defendants-in-Interpleader Roldan, Turpin, and Chatelain are ORDERED to interplead their claims to the insurance proceeds at issue according to the procedure outlined above, the briefs to be filed no later than forty-five (45) days after the date of this order. Defendants are hereby permanently enjoined from separately suing Transamerica with respect to their entitlement to the insurance policy benefits at issue.

The clerk is ORDERED to provide copies of this order to all counsel and to Defendants Roldan, Chatelain, and Turpin.

/

/

1    Dated this 14th day of August, 2015.

          Marsha J. Pechman
          Chief United States District Judge

ORDER GRANTING IN PART, DENYING IN
PART PLAINTIFF'S MOTION FOR
INTERPLEADER RELIEF- 5